# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:14-cv-499

| | |
|---|---|
| DAVID O'NEAL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| CLEAR VIEW VISION ARMOR, LLC<br>and EDWARD M. WALLACE, | )<br>)<br>) |
| Defendants. | )<br>) |

**STIPULATION AND CONSENT CONFIDENTIALITY ORDER**

WHEREAS, the parties desire to expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect information and material entitled to be kept confidential, and ensure that protection is afforded only to information and material so designated or entitled; and

IT IS HEREBY ORDERED, pursuant to the Court's authority, that:

1. **Confidential Information and Confidential – Attorneys' Eyes Only Information.** Any Party (as defined in Paragraph 1(a)) may designate Confidential Information (as defined in Paragraph 1(b)) or Confidential – Attorneys' Eyes Only Information (as defined in Paragraph 1(c)) as such under the terms of this Order if such Party reasonably and in good faith believes that such information or material is entitled to confidentiality under the terms of this Order. Any Party may so designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any information or document that belongs or relates to any Party, or that is in the possession, custody, or control of any professional services firm that has been or may in the future be engaged by any Party to render services related to the subject matter of this litigation. The portions of interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and

affidavits that quote, summarize, or contain information or materials entitled to protection may be designated as "Confidential Information" or "Confidential – Attorneys' Eyes Only Information."

(a) The term "Party" or "Parties," for purposes of this Order, shall be defined to include Plaintiff David O'Neal, and Defendants Clear View Vision Armor, LLC and Edward M. Wallace, as well as any third party who agrees to be bound that produces documents or other information in connection with this action.

(b) "Confidential Information," for purposes of this Order, shall be defined as information produced by the designating Party in discovery: (i) that is related to a Party's business, the public dissemination of which would place the producer at a competitive disadvantage and includes but is not limited to trade secrets, proprietary and/or business information; purchasing data; technical or research information; product specifications; customer lists, contracts with third parties, financial information and other information a party considers confidential and entitled to protection under the Federal Rules of Civil Procedure; and/or (ii) that the designating Party maintains as confidential in the ordinary course of its business. The term "Confidential Information" shall not include matters of public record.

(c) "Confidential – Attorneys' Eyes Only Information" for purposes of this Order, shall be defined as information produced by the designating Party in discovery: (i) that is related to a Party's business, the disclosure of which to the opposing party and/or the public would place the producer at a competitive disadvantage and includes but is not limited to trade secrets, proprietary and/or business information; purchasing data; technical or research information; product specifications; customer lists, contracts with third parties, financial information and other information a party considers confidential and entitled to protection under the Federal Rules of Civil Procedure; and/or (ii) that the designating Party maintains as confidential in the ordinary

course of its business. The term "Confidential Attorney Eyes' Only Information" shall not include matters of public record.

2. **Designation.** Confidential Information may be designated as such as set forth below, or by the producing Party placing on each page of any designated document, or on the face of any designated thing, the legend "CONFIDENTIAL." Confidential – Attorneys' Eyes Only Information may be designated as such as set forth below, or by the producing Party placing on each page of any designated document, or on the face of any designated thing, the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. **Disclosure of Confidential Information.** Except as set forth below, Confidential Information may not be disclosed by the receiving Party to any person or entity and shall not be used by any Party, third person or entity receiving such information for any other purpose beyond this litigation, including but not limited to any business, proprietary, or commercial purpose. Parties shall not duplicate any confidential document except working copies and for filing in Court under seal. Notwithstanding the foregoing, Confidential Information may be disclosed to:

(a) The Parties and their respective counsel of record, and their clerical, paralegal, or other support staff (including copy and electronic discovery vendors used by the Parties) all of whom have agreed to this Order and signed the Statement of Confidentiality attached hereto as Exhibit A;

(b) The Court, Court personnel, staff and jurors in the trial of this action;

(c) Deponents or witnesses, to the extent reasonably necessary to their expected testimony, provided that no material designated as Confidential Information shall be disclosed to any such person or entity unless that person or entity first reads this Confidentiality Order, agrees

to be bound thereby, and executes a Statement of Confidentiality in the form attached hereto as Exhibit A;

(d) Testifying or consulting experts for use only in connection with their roles as experts in this action and/or the Arbitration, provided that no material designated as Confidential Information shall be disclosed to any such person unless that person first reads this Confidentiality Order, agrees to be bound thereby, and executes the Statement of Confidentiality attached hereto as Exhibit A;

(e) Witnesses at any hearing or proceeding conducted by the Court and/or at any proceedings in connection with the Arbitration;

(f) Personnel of third party vendors engaged by a Party or by counsel for a Party to assist in (i) the coding, imaging, or other management of Confidential Information or Confidential-Attorney's Eyes Only Information in this litigation; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis, provided that such personnel of third party vendors shall not be employees, independent contractors (other than their engagement by counselor a Party to assist in the Litigation), or consultants (other than their engagement by counselor a Party to assist in the Litigation) of a Party or of a competitor of a Party and provided such personnel of third party vendors execute the Statement of Confidentiality attached as Exhibit A before getting access to Confidential Material.

(g) Any other person agreed to in writing by the Parties or as the Court may direct.

4. **Disclosure of Confidential – Attorneys' Eyes Only Information**. Confidential – Attorneys' Eyes Only Information may be disclosed as set forth above in Paragraph 3 except that

Confidential – Attorneys' Eyes Only Information may not be disclosed to the receiving Party or to its employees. In addition, Confidential – Attorneys' Eyes Only Information shall not be disclosed to those described in Paragraph 3(c) or 3(e) unless the deponent or witness has been properly noticed for testimony; the Confidential – Attorneys' Eyes Only Information is shown only in connection with the witness or deponents' testimony; the witness or deponent executes the Statement of Confidentiality attached hereto as Exhibit A; and, either (a) counsel for the designating Party has consented to the disclosure in writing or (b) by way of a properly filed and noticed Motion, the Court orders that the inspection or review of the specified Confidential – Attorneys' Eyes Only Information is proper.

4.a. **Disclosure of Confidential-Attorneys' Eyes Only Information to *Pro Se* Parties.** If any party to this action is unrepresented by counsel (the "*Pro Se* Party"), as a result of an Order issued by this Court, the *Pro Se* party will be permitted to receive and review documents designated "Confidential – Attorneys' Eyes Only Information" but must strictly maintain the confidentiality of such information and may use the information solely for preparing his case in this litigation, and cannot use "Confidential – Attorneys' Eyes Only Information" competitively or in furtherance of any business, proprietary or commercial purpose or any other purpose beyond this litigation or inconsistent with the terms of this Order. Violation of this provision may result in the imposition of sanctions by the Court.

5. **Declassification.** After consulting with the designating Party in an effort to resolve any disagreement, a Party (or aggrieved person or entity permitted by the Court to intervene for such purpose) may apply to the Court at any time for a ruling that information designated as Confidential Information or Confidential – Attorneys' Eyes Only Information is not entitled to such status and protection. The Party that designated the information as Confidential Information

or Confidential – Attorneys' Eyes Only Information shall be given notice of the application and an opportunity to respond. To maintain the designated status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the information to have such protection.

6. **Confidential Information or Confidential – Attorneys' Eyes Only Information in Depositions.**

(a) Deponents shall not retain or copy portions of the transcript or their depositions that contain Confidential Information or Confidential Attorneys' Eyes Only Information not provided by them or the entities they represent unless they sign the Statement of Confidentiality attached hereto as Exhibit A. A deponent who is not a Party or a representative of a Party shall be furnished a copy of this Order before being asked to produce potentially confidential documents.

(b) Parties (and deponents) may, within fifteen (15) calendar days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential Information or Confidential – Attorneys' Eyes Only Information. Counsel for the Parties shall underline the portions of the pages containing Confidential Information or Confidential Attorneys' Eyes Only information by marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order" or "Confidential Attorneys' Eyes Only – Subject to Protection Pursuant to Court Order" and serving a copy of the marked deposition transcript on all other Parties to the litigation and on the court reporter. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no Party or deponent timely designates deposition testimony as confidential, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made,

the confidential portions and exhibits shall be retained by the court reporter under seal separate from the portions and exhibits not so marked.

7. **Confidential Information or Confidential Attorneys' Eyes Only Information at Trial.** Confidential Information or Confidential Attorneys' Eyes Only Information may be offered in evidence at trial, at any court hearing, subject to such restrictions as the Court may apply to protect the confidential nature of such information or document(s).

8. **Subpoena by Other Courts or Agencies.** Nothing herein requires a Party (or any other person or entity designating hereunder) to seek permission from the Court if the Party is required by law, subpoena, or order of another judicial or administrative body to disclose Confidential Information or Confidential – Attorneys' Eyes Only Information. However, if another court, regulatory body, or an administrative agency subpoenas or orders production of Confidential Information or Confidential – Attorneys' Eyes Only information or document(s) that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who designated the information or document(s) as confidential of the pendency of such subpoena or order.

9. **Filing.** If documents containing Confidential Information or Confidential – Attorneys' Eyes Only Information are filed with the Court in connection with a motion or other matter pending before the Court, such documents or excerpts thereof shall be filed with the Court under seal and shall remain sealed while in the office of the clerk so long as they retain their status as Confidential Information or Confidential – Attorneys' Eyes Only Information. Such filings made under seal shall plainly and in bold type on the first page of the document set forth the following: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER." If motions, briefs, or other pleadings contain Confidential Information or Confidential – Attorneys'

Eyes Only Information, one copy of the complete pleading shall be filed under seal and a section copy of the pleading with the confidential information redacted shall be filed unsealed.

10. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, all documents, records and things and all copies of same (other than exhibits of record) designated as Confidential or Confidential – Attorneys' Eyes Only shall be returned to the Party that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents and not more than 150 days after final termination of this litigation. Ultimate disposition of materials protected under the provisions of this Order shall be subject to a final order of the Court upon completion of the litigation.

11. **Modification Permitted.** Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents.

13. **No Waiver.**

(a) Review of the Confidential Information or Confidential – Attorneys' Eyes Only Information by those so authorized pursuant to Paragraphs 3 and 4 shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information, or failure to designate as such,

shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If the foregoing occurs, the disclosing Party may provide notice to the requesting Party that the document or information does not, but should, bear such designation, and the documents or information in question shall thereafter be treated as if they carried such designation and the receiving Party shall collect any copies of such information that has been provided to individuals other than those authorized as provided herein.

    (c)  Nothing contained in this Order and no action taken pursuant to it shall waive or prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought or provided in discovery.

    14.  **Claw-Back Agreement.** In order to facilitate discovery, the inadvertent disclosure of documents or other information subject to a privilege or other immunity from production shall be handled as follows:

    (a)  From time to time during the course of discovery, one or more of the Parties may inadvertently disclose documents or other information subject to a privilege or other immunity from production. Any such disclosure shall not be deemed a waiver of the privileged or immune nature of that document or information, or of any related subject matter.

    (b)  To that end, if a producing Party, through inadvertence, error or oversight, produces any document(s) or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver, and the producing Party may give written notice to the receiving Party that the documents(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, the receiving Party shall immediately undertake to gather the original and all such

copies to the producing Party, and shall promptly destroy any newly created derivative document such as a summary of or comment on the inadvertently produced information. Return of such document(s) or information to the producing Party shall not preclude the receiving Party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact of or circumstances surrounding the inadvertent production.

    (c)  In addition, if a Party concludes that any document(s) or information that it has received from another Party is immune from discovery pursuant to an attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, that Party shall promptly bring the potentially privileged document(s) or information to the attention of the producing Party. The producing Party then may give written notice to the receiving Party that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, the receiving Party shall immediately undertake to gather the original and all such copies to the producing Party, and shall promptly destroy any newly created derivative document such as a summary of or comment on the inadvertently produced information. Return of such document(s) or information to the producing Party shall not preclude the receiving Party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact of or circumstances surrounding the inadvertent production.

  15.  **Signed Confidentiality Agreements**. Signed Statement of Confidentiality in the form attached hereto as Exhibit A shall be maintained by counsel for the receiving Party and shall be discoverable, provided however that such Statements of Confidentiality shall not be required if disclosure is compelled by law, subpoena or court order and the Party required to disclose

Confidential Information or Confidential – Attorneys' Eyes Only Information cannot obtain signatures on the Statement of Confidentiality attached hereto as Exhibit A.

16. **Restrictions.** The restrictions set forth herein are not applicable if the Confidential Information or Confidential – Attorneys' Eyes Only Information (a) is or becomes public other than by a violation of this Order, another order, or other legal obligation of a Party to protect the Confidential Information or Confidential – Attorneys' Eyes Only Information, (b) is acquired by the receiving Party from a third party with the right to disclose the information, or (c) was lawfully possessed by the receiving Party.

By: _____
David L. O'Neal
158 Byers Road
Troutman, North Carolina 28166
**PLAINTIFF**

*s/G. Bryan Adams, III*
G. Bryan Adams, III
NC State Bar # 17307
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte NC 28203
Telephone: (704) 375-6022
Facsimile: (704) 375-6024
Email: bryan.adams@vradlaw.com
**ATTORNEY FOR DEFENDANTS**

**SO ORDERED.**

Signed: September 28, 2015

_____
David C. Keesler
United States Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:14-cv-499

| | |
|---|---|
| DAVID O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLEAR VIEW VISION ARMOR, LLC and | ) |
| EDWARD M. WALLACE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

By signing this document, I hereby certify that I have read the Stipulation and Consent Confidentiality Order entered by the Court on _____, 2015. I understand the terms of the Stipulation and Consent Confidentiality Order and agree to abide by its Contents.

_____          _____
Printed Name                                         Signature


_____          _____
Employer                                                Position


_____
Date